IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY RAY BROWN,

    Petitioner,               No. CIV S-07-1145 LKK GGH P

    vs.

JAMES TILTON, et al.,

    Respondents.          ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed June 14, 2007. Petitioner challenges a prison disciplinary conviction for conspiracy to murder a peace officer. Petition, p. 1. The petition raises the following claims: 1) insufficient evidence; 2) petitioner did not receive adequate notice of the charges; 3) petitioner did not receive all non-confidential discovery; 4) petitioner was denied staff assistance; and 5) petitioner was denied his right to file an administrative appeal.

        Pending before the court is respondent's September 4, 2007, motion to dismiss. For the following reason, the court orders that respondent's motion is granted in part and denied in part.

/////

1

1      Respondent first moves to dismiss on grounds that the petition does not state a
2 prima facie case for relief.  In particular, respondent contends that while the petition states that
3 petitioner is challenging a prison disciplinary conviction, it does not indicate what particular
4 disciplinary conviction he is challenging nor does it provide any facts concerning his claims.
5 Respondent concedes that petitioner submitted the two petitions for writs of habeas corpus that
6 he filed in the California Supreme Court, but contends that federal courts are not required to sift
7 through state court documents or exhibits in order to determine the factual basis of the claims.

8      Rule 2(c) of the Federal Rules Governing Section 2254 Cases provides, in
9 relevant part, that petitions must specify all the grounds for relief available to the petition and
10 state the facts supporting each ground.  See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th
11 Cir. 1970)(affirming dismissal of federal habeas petition where petitioner presented conclusory
12 statements devoid of factual support); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir.
13 1990)(the petition should allow the court to determine "from the face of the petition alone,
14 whether the petition merits further habeas corpus review.").  Because the petition does not
15 identify the factual basis of petitioner's claims, respondent's motion to dismiss on this ground is
16 granted with leave to amend.

17      Respondent also argues that petitioner did not exhaust three of his claims.
18 Respondent also argues that petitioner's claims alleging denial of right to non-confidential
19 information and denial of right to file an administrative appeal do not state federal claims.

20      Because petitioner has not described the factual basis of his claims, it is premature
21 to determine whether he has exhausted state court remedies or stated colorable claims.
22 Accordingly, respondent's motion to dismiss on these grounds is denied without prejudice.

23      Accordingly, IT IS HEREBY ORDERED that respondent's September 4, 2007,
24 motion to dismiss is granted on grounds that the petition fails to identify the factual basis of
25 petitioner's claims; the motion is denied without prejudice in all other respects; the petition is
26 \\\\\

1  dismissed with thirty days to file an amended petition which clearly identifies the factual basis of
2  all claims; respondent shall file a response to the amended petition within thirty days thereafter.
3  DATED: 04/14/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

8  br1145.mtd